UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELLIS JEROME LARD, SR.,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   19-11613-FDS<br>)<br>)<br>)<br>)<br>) |

## ORDER

**SAYLOR, J.**

On July 25, 2019, Ellis Jerome Lard, Sr., who is confined at FMC Devens, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  The petition has not been served pending the Court's preliminary review of the document.  *See* 28 U.S.C. § 2243 (providing that if "it appears from the [habeas petition] that the . . . person detained is not entitled" to a writ of habeas corpus, the court does not have to require the respondent to the petition).  For the reasons set forth below, the Court will deny the petition.

Lard represents that he was scheduled to be released outright from the custody of the Bureau of Prisons on May 30, 2017.  On November 14, 2016, however, the United States filed a petition to have him civilly committed pursuant to 18 U.S.C. § 4246.  *See United States v. Lard*, C.A. No. 16-12281-RGS (D. Mass.).  The docket of that proceeding indicates that counsel was appointed for Lard on November 15, 2016.  *See id.* [ECF No. 9].  The commitment proceeding is still pending.

In the present petition, Lard argues that his detention is unlawful because it has resulted in his confinement past the date he completed his criminal sentence.  He contends that the

proceedings should have already been completed.  Lard also challenges the reliability of the evidence offered by the government's expert witness.  He requests both release from custody and money damages.[1]

Any challenge to the validity or length of the commitment proceeding should be raised in that action.  "Habeas review is an extraordinary remedy," *Bousley v. United States*, 523 U.S. 614, 621 (1998), and it is generally available only in the absence of any other remedy, *see Stack v. Boyle*, 342 U.S. 1, 6 (1951).  "[P]rudential concerns . . . justice, may require a federal court to forgo the exercise of its habeas corpus power." *Munaf v. Geren,* 553 U.S. 674, 693 (2008).  Accordingly, "even where a habeas court has the power to issue the writ," the question remains "whether . . . that power ought to be exercised."  *Id.*  (internal quotation marks omitted).

Here, the Court declines to exercise its habeas jurisdiction in favor of the pending commitment proceeding.  To the extent Lard wishes to pursue the issues raised in his petition, he should consult with his counsel in that proceeding.

Accordingly, and for the foregoing reasons, the Court hereby DENIES without prejudice the petition for a writ of habeas corpus and orders that this action be DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  August 1, 2019

---

[1] Damages are not available in a habeas action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).